IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ralph Beasley,                                        Case No. 3:05CV7262

        Plaintiff,

    v.                                                ORDER

Khelleh Kontek, et al.,

        Defendants.

This is a suit by an Ohio prison inmate, Ralph Beasley, in which the plaintiff claims that the defendants, Khelleh Kontek, the warden of the Toledo Correctional Institute [TCI], where plaintiff was housed when he filed this suit, and Reginald A. Wilkinson, formerly the Director of the Ohio Department of Rehabilitation and Correction (ODRC), imposed a "substantial burden on his religious exercise." [Doc. 1]. The defendants' actions, plaintiff claims, violate the Protection of Religious Exercise in Land Use and by Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, and his constitutionally protected right to free exercise of religion under the First and Fourteenth Amendments. Plaintiff seeks injunctive relief and damages.

Pending is defendants' motion to dismiss [Doc. 53] and Beasley's requests to take discovery and conduct an evidentiary hearing. [Doc. 56]. Jurisdiction arises under 42 U.S.C. § 1983, 42 U.S.C. § 2000cc, and 28 U.S.C. § 1331.

For the reasons that follow, defendants' motion to dismiss shall be granted and Beasley's requests to take discovery and conduct an evidentiary hearing shall be denied.

1

**Background**

Beasley, who became an orthodox Jew during his incarceration, desires to wear a beard and sidelocks as mandated by his religion. At the time he filed this action, the Department of Rehabilitation and Correction's grooming code for men did not allow facial hair longer than one-half inch.

Kontek informed Beasley that he must cut his facial hair, which was longer than one-half inch. After a second warning, Beasley cut his beard and sidelocks to comply with the grooming code. He has since grown a beard and sidelocks in excess of one-half inch.

Since filing this suit, Beasley has been transferred from TCI to the Warren Correctional Institution (WCI), where Kontek is not warden. [Doc. 53]. Defendant Wilkinson has retired as the director of the Ohio Department of Rehabilitation and Correction. [Doc. 53]. Most significantly, the ODRC has, in the interim, adopted a new grooming code. The new code permits inmates to apply for a "religiously-based accommodation." [Doc. 53].

**Discussion**

**1. Failure to Exhaust Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner must "exhaust the administrative remedies available to him or her before bringing a claim under 42 U.S.C. § 1983." *Spaulding v. Oakland County Jail Medical Staff*, 2007 WL 2336216, *1 (E.D. Mich.). The PLRA has been expanded to apply to "all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong").

The Supreme Court has held that the PLRA requires "proper exhaustion," that is "the plaintiff [must have] complied with the administrative agency's deadlines and critical procedural rules, such as time limits for filing grievances, [as] a precondition to any suit challenging prison conditions." *Cobb v. Berghuis*, 2007 WL 2683551, *4 (W.D. Mich.), (citing *Woodford v. Ngo*, U.S. , 126 S. Ct. 2378, 2386-88 (2006)). The affirmative defense may be established if "the failure to exhaust is demonstrated on the face of the pleadings." *Id.* (citing *Jones v. Bock*, U.S. , 127 S. Ct. 910, 921 (2007)).

A prisoner may not be excused from exhausting internal remedies if his failure resulted from a form not being provided to him, unless he alleges that there was no other source for the form or that he can prove that he made other attempts to "obtain a form or file a grievance." *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001).[1]

Here, Beasley only asserted that he asked for the grievances form and did not receive one. Because Beasley has not, at any point, alleged that he made any additional effort to obtain the form or file a grievance, or that such procedures were unavailable, he has not shown that he exhausted his administrative remedies. Similarly, because Beasley has not even contended that he did what the law requires to constitute sufficient exhaustion an evidentiary hearing would serve no purpose.[2]

---

[1]

In *Bock, supra,* U.S. , 127 S. Ct. At 918-19, the Supreme Court held that though the PLRA requires exhaustion, the plaintiff need not plead exhaustion of administrative remedies in his complaint.

The Court's ruling in *Bock*, however, does not affect the requirement that a plaintiff must *at some point* either allege or demonstrate that they did more than merely ask for a grievance form to prove exhaustion. *See Spaulding*, *supra,* 2007 WL 2336216, *2 (finding that the exhaustion requirement is not excused after *Bock*).

[2]

Beasley contends that the court should hold an evidentiary hearing on whether "he was prevented

**2. Injunctive Relief**

Even if Beasley had exhausted his administrative remedies, his request for injunctive relief is moot. Since the events leading to this action, the ODRC has instituted a new grooming code for men that allows for accommodations to be made for religious purposes. Beasley concedes that the new code allows him to maintain facial hair in a way consistent with his religious beliefs. Therefore, an injunction is unnecessary to protect Beasley's First Amendment interests.

Article III jurisdiction of the federal courts "extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot." *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc).

"The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Bowman v. Corrections Corp. of America*, 350 F.3d 537, 550 (6th Cir. 2003). A request for an injunction "becomes moot when the acts sought to be enjoined have

---

from exhausting his administrative remedies." [Doc. 56]. I am not clear why Beasley is citing *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1999), in support of his request. There is no mention of "evidentiary hearings," only that the court serves a screening function. *Underwood* states that, "a district court must screen prisoner complaints and dismiss those that are frivolous or malicious and those that fail to state a claim or seek monetary relief from a defendant who is immune from such relief." The opinion goes on to say, however, that exhaustion of the administrative remedies may be excused "in certain rare instances, . . . particularly where dismissal would be inefficient and would not further the interests of justice or the Congressional purposes behind the PLRA." *Id*., at 296. Here, even if I assume that the screening function describes evidentiary hearings, Beasley has not made any argument that his case is among the rare instances where exhaustion should be excused.

Nor would an evidentiary hearing serve any purpose. Beasley has not alleged that he took the appropriate action necessary to allow for excusal from exhaustion of administrative remedies. He merely alleges that he requested a form and did not receive it. Whether he actually took that step has no bearing on the outcome. Either way, Beasley did not attempt to exhaust the administrative remedies. He has merely concluded that the court must hold an evidentiary hearing, without any justification.

occurred or are over." *Local Union 369, Int'l Bhd. Of Elec. Workers v. Courier-Journal, Inc.*, 2007 WL 2344941, *2 (W.D. Ky.) (citing *Bowman*, *supra*, 350 F.3d at 550).[3]

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT the defendants' motion to dismiss shall be, and hereby is granted; the plaintiff's requests to take discovery and conduct an evidentiary hearing shall be, and hereby are denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

---

[3] Beasley has also requested to conduct discovery of Wilkinson. Because I have dismissed his first claim for failure to exhaust administrative remedies and his second claim for mootness, this request to take discovery is also moot.